### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GABRIEL CALIENDO, | CIVIL ACTION  1:16-cv-04839 |
| Plaintiff, | |
| v. | COMPLAINT |
| FINANCIAL ASSETS MANAGEMENT SYSTEMS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT

NOW COMES the Plaintiff, GABRIEL CALIENDO, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, FINANCIAL ASSETS MANAGEMENT SYSTEMS, INC. ("FAMS"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for FAMS' violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

#### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and FAMS' conduct harmed Plaintiff in this District.

1

## PARTIES

5.   Plaintiff is a consumer and natural person over 18-years-of-age who at all times relevant owned and resided at the property located at 16515 Christopher Dr., Lemont, IL 60439.

6.   FAMS is a third party debt collector that does business in Illinois with a principal location at 2859 Paces Ferry Road, Atlanta, Georgia 30339.[1] FAMS' Illinois registered agent is located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

## BANKRUPTCY CASE

7.   On December 16, 2014, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 14-44763 ("bankruptcy").[2]

8.   On April 6, 2015, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of **all** of Plaintiff's debts. *See* Exhibit A, a true and correct copy of the Order of Discharge.

9.   The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor...." *Id.* at p. 2.

10.   Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon discharged debts.

11.   On April 9, 2015, Plaintiff's bankruptcy case was closed.

12.   Upon information and belief, FAMS acquired collection rights to a debt that was discharged in Plaintiff's bankruptcy ("subject debt").

13. All of Plaintiff's discharged debts were incurred for personal or household purposes.

---

[1] http://www.famcorporation.com/
[2] Plaintiff filed with his spouse, Lois, who is not a Plaintiff in this suit.

2

## FAMS' COLLECTION CALLS TO PLAINTIFF'S CELLULAR PHONE

14.  At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 6837. Plaintiff is and has always been financially responsible for his cellular phone and its services.

15. Plaintiff has not incurred any debt after his bankruptcy discharge.

16.  In October 2015, Plaintiff began receiving calls from FAMS on his cellular phone

17. Plaintiff never provided FAMS with his cellular phone number.

18.  During October 2015, Plaintiff answered a call from FAMS to determine why FAMS was calling his cellular phone.

19.  During this call, Plaintiff noticed an approximate 3-second pause between the time he said "hello," and the time that a live agent engaged Plaintiff in a conversation.

20.   The FAMS agent advised Plaintiff that this was "an attempt to collect a debt" but did not specify the debt in detail.

21. Confused by the vague information provided by the FAMS agent, Plaintiff advised the FAMS agent that he had filed for bankruptcy and requested that the calls cease.

22.  Notwithstanding Plaintiff's request that the calls cease, FAMS continued placing calls to Plaintiff's cellular phone.

23.  Between October 2015 and December 2015, FAMS has placed no less than 14 calls to Plaintiff's cellular phone.

24. Some of FAMS' phone calls to Plaintiff's cellular phone were pre-recorded messages that stated "this is an attempt to collect a debt" and requested that Plaintiff return FAMS' call at "(800) 462-1196."

25. FAMS' calls to Plaintiff's cellular phone were highly upsetting, confusing, and inconvenient to Plaintiff and has caused Plaintiff actual harm, including but not limited to,

3

invasion of privacy, the aggravation that accompanies unsolicited telephone calls, emotional distress, increased usage of his telephone services, and diminished space for data storage on his cellular phone.

26.   As a result, Plaintiff has been forced to expend time, costs, and energy to retain counsel as a result of FAMS' conduct as he was led to believe that his bankruptcy filing had no legal effect and that he is still liable for his pre-bankruptcy debts.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27.   Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28.   The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

29.   The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30.   Upon information and belief, based on the pause and lack of a prompt human response during the calls Plaintiff answered and the pre-recorded messages, FAMS used a predictive dialing system to place calls to Plaintiff's cellular phone.

31.   "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

32.   "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce

telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

33. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

34. FAMS violated the TCPA by placing no less than 14 calls to Plaintiff's cellular phone between October 2015 and December 2015, using an ATDS without his consent.

35. Plaintiff never consented to any of FAMS' calls to his cellular phone as he never provided FAMS with his phone number.

36. Furthermore, as stated above, Plaintiff requested that FAMS cease its calls to no avail.

37. As pled above, Plaintiff was substantially harmed by FAMS' unlawful collection alls to his cellular phone.

38. Pursuant to 47 U.S.C. §227(b)(3)(B), FAMS is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), FAMS's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, GABRIEL CALIENDO, requests that this Honorable Court:

a. Declare FAMS' phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

40.    The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

41.    The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

42.    FAMS qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

43.    FAMS qualifies as a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

44.    Bankruptcy Code §524(a)(2)-(3) commonly known as the "discharge injunction," prohibits any act to collect a discharged debt. 11 U.S.C. §§524(a)(2)-(3).

45.    FAMS violated 15 U.S.C. §§1692d, d(5), e(2), e(10), (g) through its debt collection efforts to collect a discharged debt.

### a.  Violations of  FDCPA § 1692d

46.    FAMS violated §1692d when it called Plaintiff repeatedly, a behavior resulting in harassment and abuse, on his cellular phone in an attempt to collect on a debt that was discharged in bankruptcy.

47.    FAMS violated §1692d(5) when it caused Plaintiff's cellular phone to ring repeatedly.

### b.  Violations of  FDCPA § 1692e

48.    FAMS violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt as it was discharged Plaintiff's bankruptcy.

49.    FAMS violated §1692e(10) when it falsely represented that the subject debt was collectible when in fact it was not collectible by virtue of Plaintiff's discharge.

### c. Violations of FDCPA § 1692f

50. FAMS violated §1692f(1) by attempting to collect a debt not permitted by law because the discharge injunction precludes collection of any discharged debt.

51. FAMS attempted to induce the Plaintiff into paying a debt that was not legally owed by calling Plaintiff repeatedly on his cellular phone.

52. As an experienced creditor and debt collector, FAMS knew or should have known the consequences of collecting on a debt that was discharged in bankruptcy.

### d. Violations of FDCPA § 1692g

53. FAMS violated §1692g by failing to send the Plaintiff the required 30-day debt validation notice within five days of the initial communication, which occurred in October 2015.

WHEREFORE Plaintiff, GABRIEL CALIENDO, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award the Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

54. Plaintiff restates and realleges paragraphs 1 through 26 as through fully set forth herein.

55. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in

the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

56.  Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

57.  Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

58.  FAMS is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f). FAMS is a debt collector that collects debts from Illinois consumers, an activity which is within the stream of commerce and FAMS' regular course of business.

### a. Unfairness and Deception

59. FAMS' demands for payment on a debt  which was duly scheduled and subsequently discharged in Plaintiff's bankruptcy, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time the demands for payment were made.

60. It was unfair and deceptive for FAMS to mislead Plaintiff into believing the subject debt is still owed, when it was not owed as a matter of law.

61. It was unfair and deceptive for FAMS to attempt to induce the Plaintiff into making payments on a debt that Plaintiff has no obligation to pay.

62. It was unfair for FAMS to continue placing harassing collection calls to Plaintiff after he advised FAMS he filed for bankruptcy and requested that the calls cease.

63. FAMS intended that Plaintiff rely on its unfair acts and Plaintiff did in fact rely on FAMS' misrepresentations as he was led to believe his bankruptcy discharge had no legal effect.

64. FAMS' unfair and deceptive conduct is against public policy, immoral, unethical, and oppressive.

65. Upon information and belief, FAMS systematically attempts to collect discharged debts in order to maximize its profits at the expense of Illinois consumers, which is an unfair business practice employed by FAMS and is done on a large scale.

66. Such unfair and deceptive conduct is harmful to Illinois consumers as it can result in Illinois consumers paying debts that are not owed.

67. Plaintiff has suffered damages as a result of FAMS' unlawful collection practices.

68. An award of punitive damages is appropriate because FAMS' conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and the Plaintiff had no choice but to submit to the payment demands.

WHEREFORE Plaintiff, GABRIEL CALIENDO, requests that this Honorable Court:

a. Enter judgment in his favor and against FAMS:

b. Award Plaintiff his actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 30, 2016                                      Respectfully Submitted,


                                                           /s/ Mohammed O. Badwan

                                                           Mohammed O. Badwan, Esq.
                                                           ARDC#6299011
                                                           *Counsel for Plaintiff*
                                                           Sulaiman Law Group, LTD
                                                           900 Jorie Blvd, Ste 150
                                                           Oak Brook, IL 60523
                                                           Phone (630) 575-8181
                                                           Fax (630) 575-8188